Nathan C. Zipperian (SBN 020083)
**MILLER SHAH LLP**
1625 N. Commerce Parkway, Suite 320
Ft. Lauderdale, FL 33326
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
nczipperian@millershah.com

Monique Olivier *(pending pro hac vice)*
Cassidy A. Clark *(pending pro hac vice)*
**OLIVIER & SCHREIBER LLP**
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980
Facsimile: (415) 658-7758
monique@os-legal.com
cassidy@os-legal.com

*Attorneys for Plaintiff Susan McCartan*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan McCartan, an individual, <br><br> Plaintiff, <br><br> v. <br><br> University of Arizona, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR DAMAGES** <br><br> **(1) VIOLATIONS OF THE EQUAL PAY ACT** <br> **(2) VIOLATIONS OF TITLE VII** <br> **(3) VIOLATION OF ARIZONA'S EQUAL PAY LAW** <br> **(4) VIOLATION OF THE ARIZONA CIVIL RIGHTS ACT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Dr. Susan McCartan ("Plaintiff" or "Dr. McCartan"), complains and alleges against Defendant, University of Arizona ("Defendant" or "University of Arizona"), as follows:

## NATURE OF THE ACTION

1.      Plaintiff is a Career and Professional Advisor at the University of Arizona College of Medicine-Phoenix and a board-certified family medicine physician.  The University of Arizona College of Medicine maintains a policy and practice of paying its Career and Professional Advisors according to their medical specialties, even though they do not practice medicine in the capacity of these administrative positions and perform substantially equal work.  As a result of this policy and practice, the University of Arizona compensates Plaintiff at a rate less than the rates paid to male employees for substantially equal work, in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), Arizona's Equal Pay Law, Ariz. Rev. Stat. Ann. § 23-34, and the Arizona Civil Rights Act, Ariz. Rev. Stat. Ann. § 41-1461.

2.      Accordingly, Plaintiff brings this action seeking damages and declaratory relief.

## THE PARTIES

3.      Plaintiff is an adult woman, a U.S. citizen, and a resident of the State of Arizona.

4.      At all relevant times, Plaintiff has been an employee of the University of Arizona, as contemplated by the Equal Pay Act, 29 CFR § 1620.8, Title VII, 42 U.S.C. §§ 2000e(f), and the Arizona Civil Rights Act, Ariz. Rev. Stat. Ann. § 41-1461(6), and Arizona's Equal Pay Law, Ariz. Rev. Stat. Ann. § 23-340.

5.      Defendant is the flagship public university of the State of Arizona.

6.      At all relevant times, Defendant has acted directly or indirectly in the interest of an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), 29 CFR § 1620.8,

1   and Title VII, 42 U.S.C. §§ 2000e(f).

2         7.    At all relevant times, Defendant has continuously employed employees

3   engaged in commerce or in the production of goods for commerce within the meaning of

4   Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j), has continuously

5   been an enterprise engaged in commerce or in the production of goods for commerce

6   within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), by

7   continuously engaging in the operation of an institution of higher education.

8         8.    At all relevant times, Defendant has continuously been an employer with

9   fifteen or more employees engaged in industry affecting commerce under Sections 701(b),

10  (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

11        9.    At all relevant times, Defendant has continuously been an employer with

12  fifteen or more employees under Ariz. Rev. Stat. Ann. § 41-1461(7).

13        10.    At all relevant times, Defendant has continuously been an employer under

14  Ariz. Rev. Stat. Ann. § 23-340.

15        9.    At all relevant times, Defendant has employed Plaintiff.

16  **JURISDICTION AND VENUE**

17        10.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because

18  Plaintiff brings this action based on federal questions under the Equal Pay Act of 1963, 29

19  U.S.C. § 206(d)(1), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-

20  2(a)(1).

21        11.    This Court has supplemental jurisdiction over Plaintiff's state law claims

22  pursuant to 28 U.S. Code § 1367 because they are so related Plaintiff's federal claims that

23  they form part of the same case or controversy.

24        12.    Venue is proper in this District under 28 U.S.C. § 1391 because Defendant

25  resides in the State of Arizona, and a substantial part of the events or omissions giving rise

26  to the claim occurred in the State of Arizona.

27

28

COMPLAINT

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13.     Prior to the filing of this action, Plaintiff timely filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that the acts of Defendant constitute violations of equal pay and antidiscrimination laws.  By filing with the EEOC, Plaintiff's charge was dual-filed with the EEOC and the Arizona Attorney General's Civil Rights Division.  Plaintiff received a "right to sue" letter from the EEOC against Defendant on September 12, 2023.  Plaintiff has timely brought this action thereafter.

**SUBSTANTIVE ALLEGATIONS**

14.     Dr. McCartan is a highly experienced Career and Professional Advisor at the University of Arizona College of Medicine-Phoenix.  Dr. McCartan is paid significantly less than the College of Medicine's male Career and Professional Advisors for substantially equal work.

15.     Plaintiff graduated with her Doctor of Medicine from the University of Arizona College of Medicine-Tucson in 1995 and completed her residency in Family Medicine in 1998.  Plaintiff has been certified and continually recertified by the American Board of Family Medicine from 1998 to present.

16.     Plaintiff began her career for Defendants at the University of Arizona College of Medicine-Phoenix in 2010, when she became the Assistant Director of its Doctoring Program.  Throughout the years, Plaintiff has held several positions at the College of Medicine, including as a practicing physician treating patients, as a faculty member instructing medical students, and as the Associate Dean for Student Affairs.

17.     Currently, Plaintiff is a Career and Professional Advisor within the Student Affairs department of the College of Medicine-Phoenix.  This position is strictly administrative; Plaintiff does not practice medicine in her capacity as a Career and Professional Advisor.

18.     There are currently five Career and Professional Advisors employed by the College of Medicine-Phoenix, two men and three women.

19.     E.V., a male Career and Professional Advisor, has a specialty in Radiology. D.G., a male Career and Professional Advisor, has a specialty in Emergency Medicine. A.K., a female Career and Professional Advisor, has a specialty in Pediatrics.  B.B., a female Career and Professional Advisor, has a specialty in Internal Medicine, Pulmonary and Critical Care Medicine.  Plaintiff, a female Career and Professional Advisor, has a specialty in Family Medicine.

20.     Prior to August 2022, Defendant applied the same compensation structure to every Career and Professional Advisor, regardless of medical specialty.  As administrators rather than practicing physicians, their salaries were set according to job duties.  Each was hired into their positions with a full time equivalent ("FTE") salary of approximately $208,000 regardless of medical specialty.  After hire, employees were subject to annual salary increases.

21.     As of July 2022, male Career and Professional Advisor E.V. had an annual FTE salary of $213,936.  Male Career and Professional Advisor D.G. had an annual FTE salary of $232,900.  Female Career and Professional Advisor A.K. had an annual FTE salary of $202,800.  B.B was not employed by Defendant at this time.  As the most senior Career and Professional Advisor, Plaintiff had the highest salary of the group with an annual FTE salary of $234,002 in July 2022.

22.     On August 8, 2022, the College of Medicine-Phoenix announced that it would be changing its compensation model for Career and Professional Advisors.  Instead of basing salary on job duties, the College of Medicine-Phoenix announced that it would now base salaries for Career and Professional Advisors on their medical specialties.

23.     Plaintiff immediately understood that the new compensation model would mean unequal pay for male and female Career and Professional Advisors.

24.     Female physicians are overrepresented in specialties such as Pediatrics, Family Medicine, and Obstetrics and Gynecology, while they are underrepresented in specialties such as Radiology, Emergency Medicine, General Surgery, and Urology, among others.[1]

25.     After the commencement of the new compensation model, the salaries of the male Career and Professional Advisors changed drastically, while the salaries of the female Career and Professional Advisors did not.  The work that each of them performed did not change as a result of the new compensation model.

26.     Based on her Family Medicine specialty, Plaintiff received a modest 4% increase from an annual FTE salary of $234,002 to $243,363.  Based on her Pediatrics specialty, female Career and Professional Advisor A.K.'s annual FTE salary remained exactly the same, at $202,800; she received no increase based on her specialty.  Based on her Internal Medicine, Pulmonary and Critical Care Medicine specialties, B.B's annual FTE salary is $210,000.

27.     In contrast, based on his Emergency Medicine specialty, male Career and Professional Advisor D.G.'s annual FTE salary saw a large increase from $232,900 to $293,700, representing an increase of 26%.  Career and Professional Advisor E.V.'s salary saw the most dramatic change.  Based on his Radiology specialty E.V.'s salary increased 93%, from an annual FTE salary of $213,936 to $413,600.

28.     According to Defendant, these changes in salary were based on each Career and Professional Advisor's medical specialty, not on factors such as a seniority system, merit system, a system which measures earnings by quantity or quality of production.

29.     Though Plaintiff and each of the other Career and Professional Advisors are highly qualified physicians with certifications in various medical specialties, their medical specialties are not relevant to their jobs as Career and Professional Advisors.

---

[1]Association of American Medical Colleges, *Active Physicians by Sex and Specialty, 2021*, https://www.aamc.org/data-reports/workforce/data/active-physicians-sex-specialty-2021 (December 31, 2021).

30.     Regardless of gender or medical specialty, each Career and Professional Advisor performs substantially equal work under substantially equal conditions.

31.     Career and Professional Advisors do not practice medicine for Defendant, nor do they instruct medical students on topics in their specialty other than as a group for topics relevant to Career and Professional advising.

32.     Career and Professional Advisors are assigned medical student advisees alphabetically during their first year of medical school, before they have determined what specialties interest them.  Thus, each Career and Professional Advisor advises students regardless of medical specialty.

33.     Should medical students require guidance concerning a specific medical specialty, the Career and Professional Advisors maintain a list of volunteer "Specialty Advisors," to which they refer those students for the purposes of providing specialty-specific guidance.

34.     In recruiting Career and Professional Advisors, Defendant advertises the position as only requiring a board certification in any specialty and does not take medical specialties of applicants into account when making hiring decisions.

35.     In other job functions within the College of Medicine, such as Doctoring faculty, for example, physicians are paid the same wage to perform the same job, regardless of their specialties.

36.     Medical specialty is thus not a job-related factor for Career and Professional Advisors working for Defendant.

37.     Because medical specialties are not related to the job functions of Career and Professional Advisors, and because medical specialties are highly organized by gender, this policy basing salaries on medical specialties does nothing other than to compensate male employees more than female employees for performing the same work.

38.     On November 10, 2022, Plaintiff met with a representative of Defendant's Office of Institutional Equity ("OIE").  Plaintiff reported that the College's new

compensation policy violated her equal pay protections and was discriminatory based on sex.

39.    On December 16, 2022, OIE issued its Preliminary Assessment, denying that the policy was based on sex and/or results in inequity based on sex for no legitimate, non-discriminatory reason.

40.    The same day, on December 16, 2022, Plaintiff reported her concerns to Defendant's Human Resources division, again expressing her belief that the policy results in violations of the Equal Pay Act and other antidiscrimination laws.  Plaintiff met with a Human Resources representative on January 26, 2023, regarding the same.  During this meeting, Human Resources also denied that the policy was discriminatory.

41.    Despite Plaintiff's advocacy regarding the inequitable compensation policy, Defendant has declined to change its policy or adjust Plaintiff's salary.  Plaintiff's damages are ongoing.

## COUNT I
### Violation of the Equal Pay Act
### 29 U.S.C. § 206(d)(1); 29 U.S.C. § 215(a)(2)

42.    Plaintiff incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

43.    The Equal Pay Act and the FLSA make it unlawful for an employer to pay wages to employees at a rate less than the rate at which it pays wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.  29 U.S.C. § 206(d)(1); 29 U.S.C. § 215(a)(2).

44.    Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Plaintiff, a female Career Advisor, wages at a rate less than the rate at which it pays male Career Advisors.

45.     At all relevant times, Plaintiff has performed work that was and is substantially equal to that of male Career Advisors considering the skills, effort, and responsibilities of the job.  At all relevant times, Plaintiff has worked under conditions similar to male Career Advisors.

46.     At all relevant times, Defendant paid and continues to pay Plaintiff a lower wage than male Career Advisors.

47.     Defendant paid and continues to pay Plaintiff a lower wage than male Career Advisors based on her sex.

48.     Defendant's payment to Plaintiff at a lower wage than male Career Advisors is not based on a seniority system, merit system, a system which measures earnings by quantity or quality of production, or a differential based on any other factor other than sex.

49.     As a direct and proximate cause of Defendant's Equal Pay Act violations, Plaintiff suffered and continues to suffer damages and seeks, *inter alia*, back pay, front pay, compensatory damages, special damages, general damages, attorney's fees and costs.

50.     The unlawful practices complained of above were, and are, willful. Therefore, Plaintiff is entitled to an award of liquidated damages.

**<u>COUNT II</u>**
**Violation of Title VII**
**42 U.S.C. § 2000e-2(a)**

51.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

52.     Title VII makes it unlawful to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex.  42 U.S.C. § 2000e-2(a).

53.     Defendant has violated Title VII, 42 U.S.C. § 2000e-2(a), by discriminating against Plaintiff with respect to her compensation because of her sex.

54.     Plaintiff, as a female Career Advisor, occupies a job similar to those of higher-paid male Career Advisors.

55.     The effects of Defendant's acts have been to deprive Plaintiff of full equal employment opportunities and otherwise adversely affect her employment status because of her sex.

56.     Defendant's unlawful employment practices were and are intentional.

57.     Defendant's unlawful employment practices were and are being done with malice or reckless indifference to the federally protected rights of Plaintiff.

58.     As a direct and proximate cause of Defendant's Title VII violations, Plaintiff suffered and continues to suffer damages and seeks, inter alia, back pay, front pay, compensatory damages, special damages, general damages, attorneys' fees and costs.

**COUNT III**
**Violation of Arizona's Equal Pay Law**
**Ariz. Rev. Stat. Ann. § 23–341**

59.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

60.     Arizona's Equal Pay Law makes it unlawful for an employer to pay wages to employees at a rate less than the rate at which it pays wages to employees of the opposite sex in the same establishment for the same quantity and quality of the same classification of work, except where such payment is made based upon a difference in seniority, length of service, ability, skill, difference in duties or services performed, whether regularly or occasionally, difference in the shift or time of day worked, hours of work, or restrictions or prohibitions on lifting or moving objects in excess of specified weight, or other reasonable differentiation, factor or factors other than sex, when exercised in good faith.  Ariz. Rev. Stat. Ann. § 23–341(A).

61.     Defendant has violated Ariz. Rev. Stat. Ann. § 23–341(A) by paying Plaintiff, a female Career Advisor, wages at a rate less than the rate at which it pays male Career Advisors.

62.     At all relevant times, Plaintiff has performed work that is the same quantity and quality of the same classification of work as male Career Advisors.

63.     At all relevant times, Plaintiff has worked under conditions similar to male Career Advisors.

64.     At all relevant times, Defendant paid and continues to pay Plaintiff a lower wage than male Career Advisors.

65.     Defendant paid and continues to pay Plaintiff a lower wage than male Career Advisors based on her sex.

66.     Defendant's payment to Plaintiff at a lower wage than male Career Advisors is not based on a difference in seniority, length of service, ability, skill, difference in duties or services performed, whether regularly or occasionally, difference in the shift or time of day worked, hours of work, or restrictions or prohibitions on lifting or moving objects in excess of specified weight, or other reasonable differentiation, or factor or factors other than sex, exercised in good faith.

67.     As a direct and proximate cause of Defendant's Arizona Equal Pay Law violations, Plaintiff suffered and continues to suffer damages and seeks, *inter alia*, back pay, front pay, compensatory damages, special damages, general damages, attorney's fees and costs.

## COUNT IV
### Violation of the Arizona Civil Rights Act
### Ariz. Rev. Stat. Ann. § 41-1463

68.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

69.     The Arizona Civil Rights Act makes it unlawful to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex.  Ariz. Rev. Stat. Ann. § 41-1463(B)(1).

70.     Defendant has violated the Arizona Civil Rights Act, Ariz. Rev. Stat. Ann. § 41-1463, by discriminating against Plaintiff with respect to her compensation because of her sex.

71.     Plaintiff, as a female Career Advisor, does substantially equal work and performs substantially the same duties as higher-paid male Career Advisors.

72.     Defendant's payment to Plaintiff at a lower wage than male Career Advisors is not based on a seniority system, merit system, a system which measures earnings by quantity or quality of production, or based on work at different locations.

73.     The effects of Defendant's acts have been to deprive Plaintiff of full equal employment opportunities and otherwise adversely affect her employment status because of her sex.

74.     As a direct and proximate cause of Defendant's Arizona Civil Rights Act violations, Plaintiff suffered and continues to suffer damages and seeks, inter alia, back pay, front pay, compensatory damages, special damages, general damages, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.     For declaratory judgment that Defendant has violated the Equal Pay Act and Title VII of the Civil Rights Act of 1964, as alleged herein;

2.     For preliminary, permanent and mandatory injunctive relief prohibiting Defendant, and its officers, agents and all those acting in concert with it, from committing in the future those violations of law herein alleged;

3.     For an equitable accounting to identify, locate and restore to Plaintiff to the economic damages she is due, with an equal sum as liquidated damages, and interest thereon;

4.     For an order awarding Plaintiff compensatory damages for emotional pain and suffering in an amount to be proven at trial;

5.     For an order awarding Plaintiff statutory and punitive damages, and penalties according to proof;

6.     For an order awarding Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action;

7.     For an order awarding Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest and an upward adjustment for inflation; and

8.     Such other relief as the Court may deem just and proper.

Dated:  December 11, 2023                    **MILLER SHAH LLP**

                                             */s/ Nathan C. Zipperian*
                                             Nathan C. Zipperian (SBN 020083)
                                             1625 N. Commerce Parkway, Suite 320
                                             Ft. Lauderdale, FL 33326
                                             Telephone: (866) 540-5505
                                             Facsimile: (866) 300-7367
                                             nczipperian@millershah.com

                                             Monique Olivier *(pending pro hac vice)*
                                             Cassidy A. Clark *(pending pro hac vice)*
                                             **OLIVIER & SCHREIBER LLP**
                                             475 14th Street, Suite 250
                                             Oakland, CA 94612
                                             Telephone: (415) 484-0980
                                             Facsimile: (415) 658-7758
                                             monique@os-legal.com
                                             cassidy@os-legal.com

                                             *Attorneys for Plaintiff*

12
COMPLAINT

1

## <u>DEMAND FOR JURY TRIAL</u>

2    Plaintiff hereby requests a jury trial on all claims so triable.

3    Dated:  December 11, 2023                **MILLER SHAH LLP**

4

5                                              <u>*/s/ Nathan C. Zipperian*</u>
                                               Nathan C. Zipperian (SBN 020083)
6                                              1625 N. Commerce Parkway, Suite 320
                                               Ft. Lauderdale, FL 33326
7                                              Telephone: (866) 540-5505
                                               Facsimile: (866) 300-7367
8                                              nczipperian@millershah.com
9

10                                             Monique Olivier *(pending pro hac vice)*
                                               Cassidy A. Clark *(pending pro hac vice)*
11                                             **OLIVIER & SCHREIBER LLP**
                                               475 14th Street, Suite 250
12                                             Oakland, CA 94612
                                               Telephone: (415) 484-0980
13                                             Facsimile: (415) 658-7758
                                               monique@os-legal.com
14                                             cassidy@os-legal.com
15

16                                             *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT