1  Monique Olivier *(admitted pro hac vice)*
2  Cassidy A. Clark *(admitted pro hac vice)*
   **OLIVIER & SCHREIBER LLP**
3  475 14th Street, Suite 250
   Oakland, CA 94612
4  Telephone: (415) 484-0980
5  Facsimile: (415) 658-7758
   monique@os-legal.com
6  cassidy@os-legal.com

7  *Attorneys for Plaintiff Susan McCartan*

8
9  Kristin K. Mayes, Attorney General
   Michael K. Goodwin (SBN 014446)
10 N. Todd McKay (SBN 017369)
   Assistant Attorney General
11 2005 N. Central Avenue
   Phoenix, Arizona 85004-1592
12 Telephone: (602) 542-7674
   Telephone: (602) 542-7653
13 Facsimile: (602) 542-7644
14 Michael.Goodwin@azag.gov
   Todd.McKay@azag.gov
15

16 *Attorneys for Defendant Arizona Board of Regents*

17 *[Additional Counsel listed on Signature Page]*

18
19                    IN THE UNITED STATES DISTRICT COURT
20                         FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan McCartan, an individual, | Case No. 2:23-cv-02574-ROS |
| Plaintiff, | **[PROPOSED] RULE 16 SCHEDULING ORDER** |
| v. | |
| Arizona Board of Regents, | |
| Defendant. | |

1    Pursuant to the terms of the Case Management Plan and the representations made by
2    the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines
3    established in this Order.

4    A.   All proceedings concerning this case shall be in accordance with the
5    Federal Rules of Civil Procedure.

6    B.   All Initial Disclosures as defined in FRCP 26(a)(1), if not already
7    disclosed prior to the Scheduling Conference, shall be made no later than five days after
8    the date of the entry of this Order.

9    C.   To satisfy the requirements of FRCP 26(a)(1), the parties shall file a
10   <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

11   D.   Procedural motions including Motions to Amend the Complaint or
12   Answer, and Motions to Join Additional Parties shall be filed no later than **August 9,**
13   **2024**.

14   E.   The Plaintiff(s) shall disclose the identity of all persons who may be used
15   at trial to present evidence under Federal Rules of Evidence (FRE) 701, 702, 703, 704,
16   and 705 no later than **[Plaintiff's Proposal: December 2, 2024, with a deadline to**
17   **disclose rebuttal experts by January 2, 2025] [Defendant's Proposal: September**
18   **20, 2024]**. The Defendant(s) shall disclose the identity of all persons who may be used
19   at trial to present evidence under FRE 701, 702, 703, 704, or 705 no later than
20   **[Plaintiff's Proposal: December 2, 2024, with a deadline to disclose rebuttal**
21   **experts by January 2, 2025] [Defendant's Proposal: November 8, 2024]**. No
22   deposition of any expert witness shall occur before the disclosures concerning expert
23   witnesses mandated by this Order have been made.

24   The disclosures of the identities of all persons who may be used at trial to present
25   evidence under FRE 701,702, 703, 704, or 705 shall also include all of the disclosures
26   required by FRCP 26(a)(2)(B) if the witness is either (1) retained or specifically

27
28

1

[PROPOSED] RULE 16 SCHEDULING ORDER                              Case No. 2:23-cv-02574-ROS

employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.[1]

  F. All discovery, including answers to interrogatories, production of documents, depositions and requests to admit shall be completed by **March 28, 2025**.

  G. The parties shall finally supplement <u>all</u> discovery, including material changes in expert witness opinions and material disclosures, pursuant to FRCP 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before **[Plaintiff's Proposal: March 28, 2025] [Defendant's Proposal: January 31, 2025]**.[2]

  H. Discovery by interrogatory shall be governed by the national uniform requirements set forth in FRCP 33.

  I. Depositions shall be limited by the national uniform requirements set forth in Rules 30, 31, and 32 of the FRCP.

  J. Motions on discovery matters are prohibited. Should a discovery dispute arise Counsel shall consult and make a sincere effort to resolve the matter(s). If the parties cannot reach a resolution, they are directed to consult the Court's Standing Order concerning discovery disputes to ensure full compliance with the Court's discovery dispute procedures, some of which are not included here. Discovery Dispute Instructions are available on the District of Arizona website at www.azd.uscourts.gov / Judges' Information / Orders, Forms & Procedures for the Hon. Roslyn O. Silver.

  K. This Order contemplates that each party will conduct discovery to permit completion within the deadline. Any discovery which results in insufficient time to

---

[1] The parties are on notice that this Order requires disclosure different than that required by FRCP 26(a)(2).

[2] The parties are on notice that this order supersedes the "30 days before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

undertake necessary additional discovery and which requires an extension of the discovery deadline will be met with disfavor, will only be granted for good cause or only to prevent manifest injustice pursuant to FRCP 16(b) and (e), and may result in denial of an extension, exclusion of evidence, or the imposition of other serious sanctions pursuant to FRCP 37(b),(c),(d).

L.  All dispositive motions shall be filed no later than **April 25, 2025**. Unless permitted by Order of the Court, only **one** dispositive motion is allowed to be filed by each party.

M.  All parties are specifically admonished that pursuant to LRCiv 7.2(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

N.  The parties shall keep the Court apprised of settlement negotiations and the progress of discovery. A joint letter to the Court concerning the status of settlement discussions (containing no specific settlement terms or offers) and the progress of discovery shall be filed by **January 24, 2025**, and initially labeled 'FIRST NOTICE OF DISCOVERY AND SETTLEMENT," and shall be subsequently filed every FOUR months thereafter. If settlement is reached the parties shall file a <u>Notice of Settlement</u> with the Clerk of the Court with a copy to Judge Silver's Chambers.

O.  A Joint Proposed Pretrial Order, all Motions in Limine, a Joint Statement of the Case, Joint Jury Instructions, Verdict Form, and Stipulated *Voir Dire* Questions to be added to the Court's standard Jury Questionnaire shall be lodged and filed by **July 25, 2025**. <u>If dispositive motions have been filed, the Joint Proposed Pretrial Order and Motions in Limine and other documents shall be due either on the above date or 30 days following resolution of the dispositive motions, whichever is later</u>. The content of the Joint Proposed

Pretrial Order is that prescribed in the Court's form of <u>Joint Proposed Pretrial Order</u>. [See Court's website: www.azd.uscourts.gov under "Judges and Courtrooms/Orders, Forms & Procedures"). Responses to Motions in Limine are due 15 days after the Motions are filed, and no Replies are permitted unless specifically ordered by the Court.

      P.    If the case will be tried to the Court, rather than to a jury, <u>in addition to</u> filing a Joint Proposed Pretrial Order, each party shall file Proposed Findings of Fact and Conclusions of Law on the same date the Joint Proposed Pretrial Order is due.

      Q.    The attorneys who will be trying the case for each of the parties shall appear at the Final Pretrial Conference that will be scheduled as promptly as possible after the filing of the Joint Proposed Pretrial Order. The attorneys appearing at the conference shall be prepared to address the merits of all issues raised in the Joint Proposed Pretrial Order and fully briefed Motions in Limine. Unless one has already been established, the Court will set a firm trial date at the Pretrial Conference, and will sign the Final Pretrial Order with any additional instructions for trial preparation.

      R.    Any other final pretrial matters required pursuant to FRCP 26(a)(3) are due in accordance with this Order prior to the preparation and filing of the Joint Proposed Pretrial Order.

      S.    The parties shall email to chambers mailbox (Silver_Chambers@azd.uscourts.gov) their proposed *voir dire* questions and statement of the case for the juror questionnaire, jury instructions, and form of verdict in Microsoft Office Word 2010 format, in addition to other written materials filed with the Clerk of the Court.

      T.    An Interim Rule 16 Status Conference is scheduled for **April 11, 2025**. Prior to the Interim Conference, counsel are to prepare and file a Joint Status Report by **April 4, 2025**. That Joint Status Report shall indicate whether any party plans on filing a dispositive motion. If a party plans on filing a dispositive motion, the party planning to do so shall include in the Joint Status Report a brief overview of the planned basis for that motion. The

party planning to oppose the motion shall include a brief overview of why a dispositive motion would not be successful.

This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under FRCP 1.

Dated:  July 3, 2024　　　　MILLER SHAH LLP
　　　　　　　　　　　　　　OLIVIER & SCHREIBER LLP

　　　　　　　　　　　　　　*/s/ Monique Olivier*
　　　　　　　　　　　　　　Monique Olivier (*admitted pro hac vice*)
　　　　　　　　　　　　　　475 14th Street, Suite 250
　　　　　　　　　　　　　　Oakland, CA 94612
　　　　　　　　　　　　　　Telephone: (415) 484-0980
　　　　　　　　　　　　　　Facsimile: (415) 658-7758
　　　　　　　　　　　　　　monique@os-legal.com

　　　　　　　　　　　　　　Nathan C. Zipperian (SBN 020083)
　　　　　　　　　　　　　　**MILLER SHAH LLP**
　　　　　　　　　　　　　　1625 N. Commerce Parkway, Suite 320
　　　　　　　　　　　　　　Ft. Lauderdale, FL 33326
　　　　　　　　　　　　　　Telephone: (866) 540-5505
　　　　　　　　　　　　　　Facsimile: (866) 300-7367
　　　　　　　　　　　　　　nczipperian@millershah.com

　　　　　　　　　　　　　　*Attorneys for Plaintiff*

Dated: July 3, 2024　　　　KRISTEN K. MAYES, ATTORNEY GENERAL

　　　　　　　　　　　　　　*/s/ Michael K. Goodwin*
　　　　　　　　　　　　　　Michael K. Goodwin
　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　2005 North Central Avenue
　　　　　　　　　　　　　　Phoenix, AZ 85004
　　　　　　　　　　　　　　Telephone: (602) 542-7674
　　　　　　　　　　　　　　Michael.Goodwin@azag.gov

　　　　　　　　　　　　　　*Attorneys for Defendant*

I hereby certify that, this 3rd day of July, 2024, I electronically transmitted this document to the clerk's office using the CM/ECF system for filing and transmittal of a notice of electronic filing to the following CM/ECF registrants:

> Kristin K. Mayes
> Attorney General
> N. Todd McKay
> Michael K. Goodwin
> Assistant Attorney General
> 2005 N. Central Avenue
> Phoenix, Arizona 85004-1592
> Michael.Goodwin@azag.gov
> Todd.McKay@azag.gov
> Attorneys for Defendant Arizona Board of Regents
>
> Chris Pastore
> Associate General Counsel
> THE UNIVERSITY OF ARIZONA
> Administration Building, Room 103
> 1401 E. University Blvd. |
> Tucson, AZ 85721
> email@arizona.edu
> Attorneys for Defendant
>
> Cassidy Clark
> Olivier & Schreiber LLP
> 475 14th St., Ste. 250 Oakland, CA 94612
> cassidy@os-legal.com
> Attorneys for Plaintiff
>
> Nathan Curtis Zipperian
> Miller Shah LLP
> 1625 N Commerce Pkwy., Ste. 320
> Ft Lauderdale, FL 33326
> nczipperian@millershah.com
> Attorney for Plaintiff

/s/ Ayanna Bediako