Nathan C. Zipperian (SBN 020083)
**MILLER SHAH LLP**
2103 N. Commerce Parkway
Ft. Lauderdale, FL 33326
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
nczipperian@millershah.com

Monique Olivier *(admitted pro hac vice)*
Cassidy A. Clark *(admitted pro hac vice)*
Christian Schreiber *(admitted pro hac vice)*
**OLIVIER & SCHREIBER PC**
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980
Facsimile: (415) 658-7758
monique@os-legal.com
cassidy@os-legal.com
christian@os-legal.com

Rachel M. Bien *(admitted pro hac vice)*
**OLIVIER & SCHREIBER PC**
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Telephone: (415) 484-0980
Facsimile: (415) 658-7758
rachel@os-legal.com

*Attorneys for Plaintiff Susan McCartan*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan McCartan, an individual, | Case No. 2:23-cv-02574-ROS |
| Plaintiff, | **JOINT STATEMENT OF DISCOVERY DISPUTE** |
| v. | |
| Arizona Board of Regents, | |
| Defendant. | |

1   Plaintiff Susan McCartan ("Plaintiff") and Defendant Arizona Board of Regents

2  ("Defendant") (collectively, the "Parties") hereby certify that there has been compliance

3  with LRCiv 7.2(j) and this Court's Rule 16 Scheduling Order (DE # 29, July 9, 2024).

4  After personal consultation and sincere efforts to do so, the Parties have been unable to

5  satisfactorily resolve the discovery dispute. The Parties jointly file this statement of the

6  discovery dispute and state as follows:

7   *Plaintiff's Statement:*

8   Plaintiff alleges Defendant paid her less than men for the same work following a pay

9  policy change. Defendant initially identified Dr. Guy Reed, an important fact witness, as its

10  corporate representative in response to Plaintiff's December 17, 2024 deposition notice.

11  Defendant now says Dr. Reed is unavailable due to a medical condition and will not

12  respond to Plaintiff's request as to whether there are accommodations that would allow Dr.

13  Reed to be deposed. Defendant refuses to identify another representative until the parties

14  resolve its disputes over the deposition topics. Specifically, Defendant incorrectly objects

15  that Topic 2, which concerns the implementation of the challenged pay policy and is

16  narrowly tailored, is too broad. Topics 10-12, concerning Defendant's affirmative defenses,

17  and Topics 14-15, concerning Defendant's complaint policies and investigation(s) into

18  Plaintiff's complaints, seek discoverable, relevant information. Defendant's relevance

19  objections are meritless.

20   *Defendant's Statement:*

21   The Rule 30(b)(6) deposition notice proposed multiple topics, some relevant, some not

22  relevant or proportional to the needs of the case, some not described with reasonable

23  particularity, and some better addressed through other discovery methods.  Defendant

24  objected to some topics and raised concerns about costs.  Upon learning that a potential

25  30(b)(6) witness is not currently available, Defendant notified Plaintiff and said it would

26  produce other knowledgeable representatives for the 30(b)(6) deposition when the matters

27  for examination were resolved.  Defendant objected to the proposed inquiry into the

28

1

1   "implementation" of the Compensation Policy, which had many facets, was not described

2   with particularity, and Plaintiff refused to provide specifics.  The proposed topics of "all

3   facts supporting" several of Defendant's legal contentions are not described with

4   reasonable particularity, but Defendant has agreed to address them in written

5   interrogatories.  The proposed inquiry into policies and procedures for addressing sex

6   discrimination complaints is not relevant or proportional to the needs of the case.

Dated:  March 3, 2025                    Respectfully submitted,

                                         MILLER SHAH LLP
                                         OLIVIER & SCHREIBER PC

                                         */s/ Monique Olivier*
                                         Monique Olivier (*admitted pro hac vice*)
                                         475 14th Street, Suite 250
                                         Oakland, CA 94612
                                         Telephone: (415) 484-0980
                                         Facsimile: (415) 658-7758
                                         monique@os-legal.com

                                         *Attorneys for Plaintiff SUSAN MCCARTAN*

Dated:  March 3, 2025                    ARIZONA ATTORNEY GENERAL'S OFFICE

                                         */s/  Michael K. Goodwin*
                                         N. Todd McKay
                                         Michael K. Goodwin
                                         Assistant Attorney General

                                         *Attorneys for Defendant ARIZONA BOARD OF
                                         REGENTS*

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on March 3, 2025, I electronically transmitted the following

3

document(s):

4

- JOINT STATEMENT OF DISCOVERY DISPUTE

5

to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of

6

Electronic Filing to the following CM/ECF registrants:

7

Michael K. Goodwin, Bar No. 014446

8

N. Todd McKay, Bar No. 017369
Assistant Attorney General

9

2005 N. Central Avenue

10

Phoenix, Arizona 85004-1592
Telephone: (602) 542-7674

11

Telephone: (602) 542-7653
Facsimile: (602) 542-7644

12

Michael.Goodwin@azag.gov

13

Todd.McKay@azag.gov

14

*Attorneys for Defendant Arizona Board of Regents*

15

16

to the following counsel of record via electronic mail (by the parties' agreement):

17

Chris Pastore

18

Associate General Counsel
THE UNIVERSITY OF ARIZONA

19

Administration Building, Room 103

20

1401 E. University Blvd.
Tucson, AZ 85721

21

pastore@arizona.edu

22

*Attorneys for Defendant Arizona Board of Regents*

23

24

*/s/ Monique Olivier*

25

Monique Olivier

26

27

28

3

JOINT STATEMENT OF DISCOVERY DISPUTE
Case No. 2:23-cv-02574-ROS