# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan McCartan, | No. CV-23-02574-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, | |
| Defendants. | |

Plaintiff and Defendants filed a Joint Statement of Discovery Dispute on March 4, 2025. (Doc. 45). The parties are in dispute about the proposed scope of Plaintiff's Rule 30(b)(6) deposition.

Because Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party, "the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). Courts have also declared, "to allow the Rule to effectively function, the requesting party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 395 (D. Or. 2017) (emphasis added) (quoting *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006)). "Once notified as to the reasonably particularized areas of inquiry, the corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the

corporation." *Id.*

Plaintiff's proposed deposition topics appear to be relevant and proportional under Rule 26(b)(1) and Defendants have provided no reason for the Court to believe a Rule 30(b)(6) deposition would be overly burdensome. However, consistent with the functioning of Rule 30(b)(6), Plaintiff must provide more specificity on intended subject areas to Defendants so a representative can be adequately prepared for the deposition.

**IT IS ORDERED** the parties are to meet and confer to resolve the discovery dispute consistent with this order.

Dated this 6th day of March, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge